**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0013, <u>David Bonin & a. v. Joseph Scott & a.; Joseph Scott & a. v. David Bonin & a.</u>, the court on July 15, 2015, issued the following order:**

The defendants' motion to strike certain statements from the plaintiffs' memorandum is granted in part. The statements in the plaintiffs' memorandum concerning a mediation that occurred in the circuit court are hereby stricken. <u>See</u> <u>Dist. Div. R.</u> 4.29(N) (neither the fact that there was a mediation nor information concerning the mediation may be admitted in any future proceeding). Otherwise, the motion is denied. Having considered the defendants' brief, the plaintiffs' memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Joseph Scott and Jeanne Scott (sellers), appeal an order of the Circuit Court (<u>Stephen</u>, J.) rendering judgment in favor of the plaintiffs, David Bonin and Nancy Bonin (buyers), on the buyers' small claim seeking damages for breach of a real estate purchase and sale agreement, and denying the sellers' counterclaim. We construe the sellers' brief to argue that the trial court erred by: (1) ruling that the sellers were in breach of the contract, despite finding that the buyers had not fulfilled all of the contract's terms; (2) not ruling that the buyers were in breach of the contract, entitling the sellers to damages; (3) relying upon evidence that the trial court had disallowed at trial; (4) disregarding evidence that the sellers had introduced; (5) making certain findings of fact; and (6) crediting the testimony of the buyers' real estate agent.

Only a breach of contract that is sufficiently material and important to justify terminating the transaction will excuse a non-breaching party's obligation to perform under the contract. <u>Fitz v. Coutinho</u>, 136 N.H. 721, 725 (1993). The refusal of a party to perform under a contract in response to a breach that is not material is itself a material breach of the contract. <u>See</u> <u>id</u>. The terms and conditions of any contract may be waived, and a party's waiver may be implied by the party's conduct. <u>See</u> <u>Prime Financial Group v. Masters</u>, 141 N.H. 33, 37-38 (1996); <u>Kann v. Company</u>, 81 N.H. 535, 538 (1925).

In this case, following a hearing on the merits, the trial court found that although the buyers had paid a deposit after it was due, and although they had provided a mortgage loan commitment letter that was not signed by the lender, the sellers did not declare the buyers in default of the contract. A declaration of default would have triggered a provision of the contract that may have allowed the sellers to terminate the contract and retain the buyers' deposit.

Instead, the trial court found that, following these deficiencies in the buyers' performance, of which the sellers were aware, the buyers continued to act as though the transaction were going forward, incurring additional costs relative to the transaction, and negotiating with the sellers concerning the purchase of items of personal property in connection with the sale. According to the trial court, the sellers later advised the buyers that they were not going to complete the sale because of a health issue, and did not then notify the buyers that they considered them to be in breach of the contract. On these facts, the trial court found that the buyers met their burden of proof, and awarded them their deposit and certain expenses that they had incurred.

In context, we construe the trial court's order as implicitly finding that any deficiencies in the buyers' performance were not material breaches of the contract, and that the sellers, by their conduct, waived any right they may have had to terminate the contract. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of a trial court order is a question of law, which we review de novo). Whether a breach of contract is material, and whether a party has waived contractual rights, are questions of fact for the trial court to resolve. See Prime Financial Group, 141 N.H. at 37-38; Fitz, 136 N.H. at 725. We will uphold the trial court's findings and rulings unless they are unsupported by the evidence or erroneous as a matter of law, deferring to the trial court on matters such as resolving conflicts in the testimony, evaluating the credibility of the witnesses, and determining the weight to be given the evidence. Cook v. Sullivan, 149 N.H. 774, 780 (2003).

The sellers have not provided a transcript of trial. As the appealing parties, it is the sellers' burden to provide a record that is sufficient to decide the issues they are raising. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Absent a transcript, we assume that the evidence was sufficient to support the trial court's findings, see Bean, 151 N.H. at 250, and review the trial court's order for errors of law only, Atwood v. Owens, 142 N.H. 396, 397 (1997).

We conclude that a transcript is required to resolve each of the issues that the sellers are raising on appeal. Because the sellers have not provided a transcript, we assume that the evidence supports the trial court's findings and rulings. See Bean, 151 N.H. at 250. Because there are no errors of law appearing in the trial court's order, we affirm.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2